**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | **Chapter 7 Case No.** |
| NIFTUS, LLC, : | |
| Debtor : | **12-71123** |

## LIMITED OBJECTION TO AMENDED MOTION TO SELL

Now comes Copeland & Bieger, P. C., by counsel, and for its limited objection to the Trustee's Amended Motion to Sell Property states as follows:

1. The debtor filed a petition seeking relief under Chapter 11 of the United States Bankruptcy Code on June 6, 2012, with the case later being converted to one under Chapter 7 on November 8, 2012. Ginger Largen was appointed as the Chapter 7 interim trustee, and is now the permanent trustee for the Chapter 7 estate.

2. Jurisdiction is vested in this Court pursuant to 28 U. S. C. §157. This is a core proceeding.

3. Copeland & Bieger, P. C. (hereinafter the "Firm") is a Virginia corporation which previously practiced law in the Commonwealth of Virginia, and served as counsel to the debtor-in-possession in the Chapter 11 estate. Copeland & Bieger, P. C. has a claim against the Chapter 7 estate for its attorneys' fees. Further, it has advised the trustee and creditors that it intends to make an offer to acquire the assets of the bankruptcy estate in order to provide sufficient funds so that its fees, along with the trustee's fees and costs, can be paid.

4. The Firm supports the actions of the Chapter 7 Trustee to liquidate the assets of the estate, which assets are composed primarily of the estate's ownership of the common stock of S2 Therapeutics, Inc., a corporation which has valuable patent rights, as well as the membership interest of the debtor in Royal Pharm, LLC, which also holds valuable license and patent rights as well as an entitlement to cash flow from intellectual property rights.

5. Obtaining knowledge and information from both of these entities concerning their financial status, cash positions, and other information would benefit the Chapter 7 estate and perhaps increase the number of bidders for these assets. A delay in the sale of the assets would not harm any creditor and might increase the number of bidders, and therefore the amount paid to the estate for these assets.

WHEREFORE, the Firm objects to the Trustee's motion in its current form and would request a continuance of hearing on the motion until such time as financial information can be obtained regarding the value of the underlying assets of the estate.

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on the 16th day of April, 2014, at 2:00 p.m., the undersigned will move the United States Bankruptcy Court, corner of Main & Cummings Streets, Abingdon, Virginia, for entry of an order in accordance with its foregoing Limited Objection.

**COPELAND & BIEGER, P.C.**
**By Counsel**

/s/ Robert T. Copeland
Robert T. Copeland, VSB #14575
COPELAND LAW FIRM, P.C.
P.O. Box 1296
Abingdon, VA 24212
(276) 628-9525
rtc@rcopelandlaw.com
Counsel for Copeland & Bieger, P.C.

**CERTIFICATE OF SERVICE**

I, Robert T. Copeland, do hereby certify that the foregoing Limited Objection was this dated filed with the United States Bankruptcy Court the ECF system, and that a true copy of the same has this date been served upon Ginger Largen, Chapter 7 Trustee, via the ECF system or electronic mail.

Dated: January 31, 2014

/s/ Robert T. Copeland
Robert T. Copeland